**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

| | |
|---|---|
| **JAMESHA IESHA MONCUR, a/k/a JAMESHA MONCUR,** | Case No.: 8:23-bk-03116-RCT<br>Chapter 7 |
|     Debtor.<br>_____/ | |
| **ANGELA WELCH, as Chapter 7 Trustee of the estate of JAMESHA IESHA MONCUR, a/k/a JAMESHA MONCUR,** | Adv. No.: 8:23-ap-00181 |
|     Plaintiff, | |
| v. | |
| **JANUARY TECHNOLOGIES, INC.,**<br>a Delaware corporation, and<br>**AFFIRM, INC.,** a Delaware corporation, | |
|     Defendants.<br>_____/ | |

**AMENDED COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES**

    **COMES NOW** Plaintiff, Angela Welch, the Chapter 7 Trustee of the bankruptcy estate of Jamesha Iesha Moncur, a/k/a Jamesha Moncur, by and through the undersigned law firm, and sues Defendants, January Technologies, Inc., a Delaware corporation, and Affirm, Inc., a Delaware corporation, and alleges as follows:

**PRELIMINARY STATEMENT**

    1.    On or about July 24, 2023 (the "Petition Date"), the Debtor, Jamesha Iesha Moncur, a/k/a Jamesha Moncur, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

3. The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 12-MISC-26, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

## PARTIES

4. Plaintiff, Angela Welch ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Jamesha Iesha Moncur, a/k/a Jamesha Moncur ("Moncur" or "Debtor"). Moncur is a natural person resident in the City of Tampa, County of Hillsborough, State of Florida, where the causes of action arose and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), and is a "person" under Fla. Stat. § 559.72.

5. Defendant, January Technologies, Inc., a Delaware corporation, together with its collecting agents ("January"), doing business in the State of Florida, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7), and is a "person" under Fla. Stat. § 559.72.

6. Defendant, Affirm, Inc., a Delaware corporation, together with its collecting agents ("Affirm" or collectively with January, "Defendants"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(5), and is a "person" under Fla. Stat. § 559.72.

7. All conduct of Defendants alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others.  The conduct alleged herein was harassing, oppressive, and abusive, and done knowingly with intent, with malice, and without cause.

8. The Defendants' communications set forth below were made only to exhaust the unpaying resisting Debtor's will in an attempt to break the Debtor and have Debtor pay amounts owed long after the Debtor was given all necessary information and persuasion and negotiation failed, as demonstrated by Debtor expressly or impliedly communicating to the Defendants to stop calling Debtor.

9. The Defendants' communications set forth below are wholly without excuse.

10. At all times mentioned herein, the agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendants.  Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtor.

**FACTUAL ALLEGATIONS**

11. Defendants attempted to collect from Debtor debts (the "Alleged Debt"), including without limitation, a debt on Schedule F of the Debtor's bankruptcy schedules bearing account number ending SN23 in the amount of $424.00.

12. The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on August 29, 2023.

13. Defendants made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2022 through July 23, 2023 (the "Collection Calls") to Debtor attempting to collect the Alleged Debt.

14. It was the substance of the testimony of the Debtor, <u>sworn and under oath</u> at the 341 Hearing, that:

> a) Affirm made a Collection Call to Debtor's cell phone each month and sent an email to Debtor each week attempting to collect the Alleged Debt.
>
> b) Affirm made Collection Calls to Debtor's cell phone after Debtor told Affirm that Debtor could not pay the Alleged Debt.

15. Based upon information obtained by Plaintiff from Affirm:

> a) The Alleged Debt was assigned to January for collection from July 2022 to January 2023.

16. Defendants each made Collection Calls to Debtor as alleged above, identifying themselves by the Alleged Debt.

17. Defendants, during the time frames set forth for each of them in paragraphs 13-16, (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2022 through July 23, 2023 to Debtor attempting to collect the Alleged Debt; (2) made a Collection Call to Debtor's cell phone each month and sent an email to Debtor each week attempting to collect the Alleged Debt; and (3) made Collection Calls to Debtor's cell phone after Debtor told Defendants that Debtor could not pay the Alleged Debt.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.* AS TO DEFENDANT JANUARY

18. This is an action against January for violations of 15 U.S.C. § 1692 *et seq.*

19. Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

20. January, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Debtor.

21. The principal business of January is the collection of debts and January regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

22. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

24. Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

> A debt collector may not communicate with a consumer in connection with the collection of any debt —
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

25. January violated 15 U.S.C. § 1692c(a)(1) when January: (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from July 24, 2022 through January 31, 2023 to Debtor attempting to collect the Alleged Debt; (2) made a Collection Call to Debtor's cell phone each month and sent an email to Debtor each week attempting to collect the Alleged Debt; and (3) made Collection Calls to Debtor's cell

phone after Debtor told January that Debtor could not pay the Alleged Debt.; all of which is January communicating with Debtor at an unusual time or place or at a time or place known or which should be known to be inconvenient to Debtor.

26. Section 15 U.S.C. § 1692d provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. January violated 15 U.S.C. § 1692d when January (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from July 24, 2022 through January 31, 2023 to Debtor attempting to collect the Alleged Debt; (2) made a Collection Call to Debtor's cell phone each month and sent an email to Debtor each week attempting to collect the Alleged Debt; and (3) made Collection Calls to Debtor's cell phone after Debtor told January that Debtor could not pay the Alleged Debt; all of which is conduct by January the natural consequence of which is to harass, oppress, or abuse Debtor in connection with the collection of the Alleged Debt.

28. Section 15 U.S.C. § 1692f provides in pertinent part:

> A debt collector may not unfair or unconscionable means to collect or attempt to collect any debt.

29. January violated 15 U.S.C. § 1692f when January (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from July 24, 2022 through January 31, 2023 to Debtor attempting to collect the Alleged Debt; (2) made a Collection Call to Debtor's cell phone each month and sent an email to Debtor each week attempting to collect the Alleged Debt; and (3) made Collection Calls to Debtor's cell phone after

Debtor told January that Debtor could not pay the Alleged Debt; all of which is January using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

30. As a result of January's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

31. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that January has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

**VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT JANUARY**

32. This is an action against January for violations of Fla. Stat. § 559.55 *et seq.*

33. Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

34. January is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

35. The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

36.     January communicated certain information to Debtor, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

37.     Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

38.     January violated Fla. Stat. § 559.72(7) when January (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2022 through January 31, 2023 to Debtor attempting to collect the Alleged Debt; (2) made a Collection Call to Debtor's cell phone each month and sent an email to Debtor each week attempting to collect the Alleged Debt; and (3) made Collection Calls to Debtor's cell phone after Debtor told January that Debtor could not pay the Alleged Debt; all of which is a willful communication with the Debtor with such frequency that January could reasonably expect such communication to harass Debtor, or which is a willful engagement by January in other conduct, including violation of the FDCPA, which could reasonably be expected to abuse or harass Debtor.

39.     Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

40.     January violated Fla. Stat. § 559.72(9), second half, when January (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2022 through January 31, 2023 to Debtor attempting to collect the

Alleged Debt; (2) made a Collection Call to Debtor's cell phone each month and sent an email to Debtor each week attempting to collect the Alleged Debt; and (3) made Collection Calls to Debtor's cell phone after Debtor told January that Debtor could not pay the Alleged Debt; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including by violations of the FDCPA and by unfair and deceptive practices, which are rights January knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

41. As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and January is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

42. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of January as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

43. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against January finding that January violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT III

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT AFFIRM

44. This is an action against Affirm for violations of Fla. Stat. § 559.55 *et seq*.

45. Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

46. Affirm is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

47. The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

48. Affirm communicated certain information to Debtor, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

49. Fla. Stat. § 559.72 (7) provides, in pertinent part:

> In collecting consumer debts, no person shall:
>
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

50. Affirm violated Fla. Stat. § 559.72(7) when Affirm (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2022 through July 23, 2023 to Debtor attempting to collect the Alleged Debt; (2) made a Collection Call to Debtor's cell phone each month and sent an email to Debtor each week attempting to collect the Alleged Debt; and (3) made Collection Calls to Debtor's cell phone after Debtor told Affirm that Debtor could not pay the Alleged Debt; all of which is a willful communication with the Debtor with such frequency that Affirm could reasonably expect such

communication to harass Debtor, or which is a willful engagement by Affirm in other conduct, which could reasonably be expected to abuse or harass Debtor.

51. Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

52. Affirm violated Fla. Stat. § 559.72(9), second half, when Affirm (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2022 through July 23, 2023 to Debtor attempting to collect the Alleged Debt; (2) made a Collection Call to Debtor's cell phone each month and sent an email to Debtor each week attempting to collect the Alleged Debt; and (3) made Collection Calls to Debtor's cell phone after Debtor told Affirm that Debtor could not pay the Alleged Debt; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, by unfair and deceptive practices, which are rights Affirm knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

53. As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Affirm is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

54. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Affirm as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

55. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Affirm finding that Affirm violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

Dated:  June 20, 2024

Respectfully Submitted,

**LASH WILCOX & GRACE PL**
2202 North West Shore Blvd., Suite 200
Tampa, FL  33607
Phone: 813.639.4205
Facsimile: 813.639.7501

_/s/ Thomas A. Lash
**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashwilcoxandgrace.com
Attorney for the Trustee